Melvin S. YATES, II, et al., Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 02–CV–275.

District of Columbia Court of Appeals.

Argued April 7, 2004.

Decided Feb. 17, 2005.

Charles E. Wagner, Washington, DC, for appellants.

James C. McKay, Jr., Senior Assistant Attorney General, with whom Robert J. Spagnoletti, Attorney General for the District of Columbia, and Edward E. Schwab, Deputy Attorney General, were on the brief, for appellee.

Before FARRELL and WASHINGTON, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

Before us is appellee's motion to dismiss this appeal as moot. The appeal challenged the trial court's entry of a preliminary injunction and imposition of a bond against the appellants. During the pendency of the appeal, however, a jury trial was held in the underlying action, and appellants were found to have violated the District of Columbia Consumer Protection Procedures Act. As a result, the trial court entered a permanent injunction against appellants and imposed a surety bond as a prerequisite to appellants' doing business in the District of Columbia.

It is generally accepted that an entry of a permanent injunction supersedes a preliminary injunction and moots an appeal from the preliminary injunction. *See Grupo Mexicano de Desarrollo v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 314–15, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999); *Smith v. Illinois Bell Telephone Co.*, 270 U.S. 587, 588–89, 46 S.Ct. 408, 70 L.Ed. 747 (1926). Although we have not had occasion previously to endorse that proposition,

we do so now. Therefore, we hold that, when a party has appealed the trial court's entry of a preliminary injunction, a subsequent entry of a permanent injunction will generally render the previous appeal moot because the preliminary injunction merges into the permanent injunction.

Although there are some circumstances where merger does not occur such that an appeal becomes moot, those cases involve bonds which are unaffected by the subsequent entry of a permanent injunction. *See Liner v. Jafco, Inc.,* 375 U.S. 301, 305–06, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964). In this case, by contrast, appellants do not argue that the bond entered as part of the preliminary injunction survives after the trial and entry of a permanent injunction. Instead, appellants contend that the bond issued as part of the permanent injunction was unlawful, an issue that can be addressed in an appeal from the entry of the permanent injunction.

For the foregoing reasons, appellee's motion to dismiss the appeal as moot is granted.

*So ordered.*