# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 7, 2005         Decided April 14, 2006

No. 04-7184

WORLDWIDE MOVING & STORAGE, INC.,
A MARYLAND CORPORATION,
APPELLANT

v.

DISTRICT OF COLUMBIA,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 04cv00175)

*Charles E. Wagner* argued the cause for the appellant. *Timothy Falls* was on brief.

*James C. McKay, Jr.*, Assistant Attorney General, District of Columbia, argued the cause for the appellee. *Robert J. Spagnoletti*, Attorney General, and *Edward E. Schwab*, Deputy Attorney General, District of Columbia, were on brief.

Before: HENDERSON and BROWN, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: Worldwide Moving and Storage, Inc. (Worldwide) filed this action seeking an injunction to prohibit the District of Columbia (District or D.C.) from imposing a surety bond requirement on a federally licensed motor carrier or its employees, contending such a requirement is preempted by federal law. The district court dismissed the action for lack of constitutional standing. Although Worldwide may well have constitutional standing under our decision in *Pesikoff v. Secretary of Labor*, 501 F.2d 757 (D.C. Cir. 1973), we decline to decide the standing issue and instead affirm the dismissal on the alternative ground—raised in but not reached by the district court—that we should abstain from resolving Worldwide's preemption claim under *Younger v. Harris*, 401 U.S. 37 (1971), because the dispute is currently being litigated in the local courts of the District of Columbia. *See Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 417 F.3d 1272, 1281 (D.C. Cir. 2005) (court "may affirm the district court on an alternative ground" (citing *Tymshare, Inc. v. Covell*, 727 F.2d 1145, 1150 (D.C. Cir. 1984))).[1]

## I.

On October 29, 2001 Melvin S. Yates, II, Worldwide's founder and one-time president, pleaded guilty in the D.C. Superior Court (Superior Court) to five misdemeanor counts of failing to comply with the contract provisions of five moving jobs performed by the moving company he then operated, M.Y.

---

[1]Although *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998), requires that an appellate court "address questions pertaining to its or a lower court's jurisdiction before proceeding to the merits," *Younger* abstention "represents the sort of 'threshold question' we have recognized may be resolved before addressing jurisdiction." *Tenet v. Doe*, 125 S. Ct. 1230, 1235 n.4 (2005) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)).

Enterprises (MYE), in violation of D.C. Mun. Reg. § 16-702.1(g).[2]

On February 11, 2002 the D.C. Office of the Corporation Counsel (now the Office of the Attorney General) filed a civil enforcement action against Yates and MYE in Superior Court for misleading customers in violation of the D.C. Consumer Protection Procedures Act, D.C. Code. § 28-3904. On February 26, 2002 the Superior Court entered a preliminary injunction requiring that no later than April 1, 2002 Yates and MYE obtain a $100,000 surety bond issued in the name of the District of Columbia "for the benefit of any consumer injured as a result of any false or misleading representation made, omission of material facts that have a tendency to mislead, or failure to honor valid insurance claims while defendants are engaged in the business of transporting, moving, warehousing, or storing goods."[3] *District of Columbia v. MYE*, C.A. No. 02-926, order at 6-7 (D.C. Super. Ct. Feb. 26, 2002).

Unable to secure a surety bond, in early 2002 MYE filed for liquidation under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701 *et seq.*, and is no longer in business. Subsequently, the District sought an order in Superior Court holding Yates in contempt for operating Worldwide, which he incorporated on March 22, 2001, without a surety bond. On November 12, 2002 the Superior Court issued an order to show cause why Yates

[2]D.C. Mun. Reg. § 16-702.1(g) requires that a contract for moving household goods contain: "The name, address and telephone number of the place of storage, if any, and the hours during which the stored goods can be inspected by the owner."

[3]Yates filed an appeal of the preliminary injunction, which the D.C. Court of Appeals dismissed as moot on February 17, 2005, *Yates v. District of Columbia*, 868 A.2d 866 (D.C. 2005), after the Superior Court issued a permanent injunction on December 21, 2004, as detailed *infra*.

should not be held in contempt.  On March 19, 2003, Yates filed for personal bankruptcy protection.

On February 5, 2004, Worldwide filed this action in the district court to enjoin the District "from imposing or attempting to impose a surety bond requirement on a motor carrier holding authority to operate in interstate commerce if that carrier meets the minimum federal insurance requirements" and "from imposing a surety bond requirement on employees of federally licensed motor carriers which meet the federal insurance requirements." Compl. at 19.  The complaint alleged, *inter alia*, that federal law preempts the District from regulating Worldwide's interstate moving operations through a surety bond requirement.  The District filed a motion to dismiss on the grounds that Worldwide lacked standing, *Younger* abstention, absence of an indispensable party (Yates) and failure to state a claim under Fed. R. Civ. P. 12(b)(6).  In an order filed September 30, 2004 the district court dismissed the complaint for lack of standing, concluding that "[b]ecause the surety bond imposed on Mr. Yates inflicts no substantial injury to any legally protected interest of Worldwide, plaintiff lacks standing to enjoin the enforcement of that requirement."  *Worldwide Moving & Storage v. District of Columbia*, C.A. No. 04-0175, mem. op. at 7 (D.D.C. Sept. 30, 2004).  Worldwide then timely appealed.

Following a jury trial, the Superior Court entered final judgment in favor of the District.  *District of Columbia v. MYE*, C.A. No. 02-926, ord. at 7-11  (D.C. Super. Ct. Dec. 21, 2004).  The court assessed a $7,000 civil penalty against Yates and issued permanent injunctive relief which imposed a number of obligations and prohibitions on any "Yates company," which the court defined as "a) Yates, or b) any company engaged in the business of moving and/or storing consumer goods that is under the management or control of Yates," *id*. at 7.  The order also directed that Yates either (1) "obtain and maintain in force a

surety bond . . . in the amount of $75,000" ("in his individual capacity or through the company whose activities trigger this bond requirement") or (2) "refrain from managing or controlling, whether directly or indirectly, a company that provides Local Moves involving household goods." *Id*. at 9. The injunction defined a "Local Move" as "a move or contract of storage within the District of Columbia Commercial Zone, as defined by 49 C.F.R. § 372.219, in which the customer's destination point, the customer's origination point, or the Yates company storage facility is located within the District of Columbia" or, if a Yates company used a District of Columbia address to conduct business, "any move within the District of Columbia Commercial Zone that occurs entirely within one state." *Id*. at 7. Worldwide filed an appeal in the D.C. Court of Appeals.[4]

On March 16, 2005 the District moved in Superior Court for an order to show cause why Yates should not be held in contempt for, *inter alia*, not complying with the surety bond requirement in the December 21, 2004 judgment order. In addition, the motion recommended that the contempt order "enjoin a Yates company (as defined in the order of December 21, 2004), including WorldWide Moving and Storage Inc., from engaging in any moving or storage business activity within the District of Columbia until Yates satisfies the Court that he is in compliance with all outstanding provisions of the Court's order of December 21, 2004." *District of Columbia v. MYE*, C.A. No. 02-926, Pl.'s Mot. for Order to Show Cause Why Def. Should Not Be Held in Civil Contempt, at 2 (D.C. Super. Ct. filed Mar. 16, 2002). At a hearing on January 5, 2006 the court found Yates in civil contempt, granted the requested injunctive relief

---

[4]The D.C. Court of Appeals denied Yates's motion to stay the injunction on appeal. *Yates v. District of Columbia*, Nos. 05-CV-29 & 06-CV-96 (D.C. filed March 8, 2006).

and directed that he pay a fine of $100 per day, beginning January 9, 2006, for each day he violated the prohibition. *District of Columbia v. MYE*, C.A. No. 02-926, 1/5/06 Hearing Tr. at 60-61. In a written order dated January 18, 2006 (expressly superseding the oral order), the court found Yates in contempt and directed that neither Worldwide nor any "Yates company" "engage in any moving or storage business activity in the District of Columbia, or use a District of Columbia address to conduct its business, unless and until this Court has issued a further Order finding that the company has satisfied, or need not satisfy, the surety bond requirement set forth in the Court's Order of December 23, 2004." *District of Columbia v. MYE*, C.A. No. 02-926, order at 8-9 (docketed Jan. 19, 2006). On January 27, 2006 Yates appealed the order to the D.C. Court of Appeals, which consolidated the appeal with Yates's pending appeal of the December 21, 2004 permanent injunction and denied Yates's motion to stay the injunction on appeal. *Yates v. District of Columbia*, Nos. 05-CV-29 & 06-CV-96 (D.C. filed March 8, 2006).

## II.

"In *Younger v. Harris* and its progeny, the Supreme Court held that, except in extraordinary circumstances, a federal court should not enjoin a pending state proceeding (including an administrative proceeding) that is judicial in nature and involves important state interests." *JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1120 (D.C. Cir. 2004) (citations omitted).[5] The *Younger* abstention doctrine rests "both on 'equitable principles' and on 'concerns for comity and federalism.' " *Id*. at 1121 (citations omitted). In determining whether to abstain under *Younger*, we apply a "rigid three-prong test":

---

[5]In *JMM Corp.*, we decided that the *Younger* doctrine applies to the District.

> [F]irst, a federal court may dismiss a federal claim only when there are ongoing state proceedings that are judicial in nature; second, the state proceedings must implicate important state interests; third, the proceedings must afford an adequate opportunity in which to raise the federal claims.

*Bridges v. Kelly*, 84 F.3d 470, 476 (D.C. Cir. 1996) (quoting *Hoai v. Sun Ref. & Mktg. Co.*, 866 F.2d 1515, 1518 (D.C. Cir. 1989) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982))).  All three criteria are met in this case.

First, both the Superior Court proceeding and the appeals from its December 21, 2004 and January 18, 2006 orders are ongoing.  Second, the District has an important interest in enforcing its laws that regulate the local movement and storage of household goods.  *Cf. JMM Corp.*, 378 F.3d at 1126 (noting Supreme Court "has found that the enforcement of zoning regulations . . . constitutes an important state interest") (citing *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425, 435-37 (2002); *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 50 (1986)).  Third, there is no reason the preemption defense may not be raised and fully litigated in the D.C. court proceedings, whether by Yates or by Worldwide (as the latter has sought to do in federal court).[6]  *Cf. JMM Corp.*, 378 F.3d at

---

[6]In fact, Yates has already asserted the defense in Superior Court. *See District of Columbia v. MYE*, C.A. No. 02-926, Resp. to Mot. to Show Cause Order at 6-7 & n.4 (D.C. Super. Ct. filed Mar. 25, 2004). Worldwide contends abstention is inappropriate in part because it is not a party to the Superior Court action and "this Court has opined that whether the Federal plaintiff is a party to the local action is a key factor in any abstention evaluation." Reply Br. at 18 (citing *Family Div. Trial Lawyers of Super. Ct.–D.C., Inc. v. Moultrie*, 725 F.2d 695, 702 (D.C. Cir. 1984)). Yet at the same time Worldwide characterizes

1121 ("Where the proceedings begin in Superior Court, the defendant can raise any constitutional claims in that court, appeal an adverse decision to the District of Columbia Court of Appeals, and if still dissatisfied seek review in the United States Supreme Court." (citing D.C. Code Ann. §§ 2-510(a); 11-921, 11-923; 11-721; 28 U.S.C. § 1257(a), (b))).

Notwithstanding this case satisfies all three of the *Younger* abstention prerequisites, Worldwide contends abstention is improper because the D.C. enforcement proceeding is preempted by federal law governing interstate shippers. In *New Orleans Public Service, Inc. v. Council of New Orleans*, 491 U.S. 350 (1989) (*NOPSI*), the Supreme Court observed that even a "substantial" preemption claim (like a substantial constitutional claim) is insufficient to require a federal court to intervene in a matter being litigated in state court. 491 U.S. at 364-65. The Court held open the possibility that, as the petitioner argued, "a *facially conclusive* claim" might be "sufficient to render abstention inappropriate" but found no need to decide the question because "the proceeding and order at issue do not meet that description." *Id*. at 367 (emphasis in

itself as a "*de facto* party" to the Superior Court action, Appellants' Opening Br. at 25, and relies on the orders issued therein to support its Article III standing here. Given that the January 18, 2006 Superior Court order expressly found that Yates controls Worldwide and expressly subjected Worldwide as well as Yates to the injunction it issued, we see no reason why the preemption claim should not be decided there. *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 928-929 (1975) (noting "there plainly may be some circumstances in which legally distinct parties are so closely related that they should all be subject to the *Younger* considerations which govern any one of them"); *Moultrie*, 725 F.2d at 702 ("[T]he *Younger* abstention policy is best suited to cases where federal plaintiffs are trying to attack state enforcement procedures which have been directly applied to them.").

original). Worldwide has likewise failed to assert a "facially conclusive" preemption claim.

Worldwide contends the Superior Court's enforcement proceeding is preempted under two federal statutes. The first provision is the "Carmack Amendment" to the Interstate Commerce Act, which codifies the common law liability of a carrier transporting property for hire "for the actual loss or injury to the property" shipped. 49 U.S.C. § 14706(a)(1). The Carmack Amendment, however, governs only the private liability of a carrier to the owner of the property. It says nothing explicitly about a prophylactic surety bond, the remedy imposed by the Superior Court and to which Worldwide objects. The second statute is 49 U.S.C. § 14501(c)(1), which prohibits a state from enacting or enforcing laws or regulations governing certain aspects of interstate transportation. Section 14501(c)(2)(A), however, expressly states that the prohibition "shall not restrict . . . the authority of a State to regulate carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization," which appears to exempt from the prohibition the surety bond requirement imposed on Worldwide. Given that the two statutes on which Worldwide relies appear inapplicable to the surety bond requirement, we conclude that Worldwide's preemption claim does not satisfy the "facially conclusive" standard described in *NOPSI. Cf. Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1265 (11th Cir. 2004) (under *NOPSI* facially conclusive standard, "only the clearest of federal preemption claims would require a federal court to hear a preemption claim when there are underlying state court proceedings and when that claim can be raised in the state forum"). Thus, like the Supreme Court in *NOPSI*, we need not decide whether a preemption claim

that did meet this standard would override the *Younger* abstention doctrine.[7]

Because principles of equity, comity and federalism favor abstaining from addressing Worldwide's federal claims while the D.C. court proceedings continue, we affirm the district court's dismissal of Worldwide's complaint under *Younger*.

*So ordered*.

---

[7]In two post-argument letters submitted to the court pursuant to District of Columbia Circuit Rule 28(j), Worldwide suggests, for the first time before this court, that abstention is foreclosed by Yates's bankruptcy proceeding. *See* Rule 28(j) letters of Appellant filed Jan. 27, 2006, Feb. 06, 2006. This argument comes too late. *Cf. Goldring v. District of Columbia*, 416 F.3d 70, 77 n.4 (D.C. Cir. 2005) (argument raised for first time in reply brief is untimely (citation omitted)); *Ark Las Vegas Rest. Corp. v. NLRB*, 334 F.3d 99, 108 n.4 (D.C. Cir. 2003) (argument raised at oral argument but not in briefs is waived (citations omitted)). In any event, Worldwide's claim of bankruptcy preclusion, resting as it does on a review of the factual record of this case and the bankruptcy proceeding (which Worldwide informs us was "closed" on December 28, 2005, Mar. 20, 2006 28(j) Letter at 1), is not facially conclusive under *NOPSI*.