# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued March 10, 2025            Decided July 22, 2025

No. 24-5144

LINDA MARTIN,
APPELLANT

v.

FEDERAL BUREAU OF INVESTIGATION AND KASH PATEL, IN HIS
OFFICIAL CAPACITY AS DIRECTOR OF THE FEDERAL BUREAU OF
INVESTIGATION,
APPELLEES

———

Appeal from the United States District Court for
the District of Columbia
(No. 1:23-cv-00618)

———

*Robert Frommer* argued the cause for appellant. With him on the briefs were *Robert M. Belden* and *Keith Neely*.

*Thomas A. Berry* was on the brief for *amicus curiae* the Cato Institute in support of appellant.

*Joshua M. Koppel*, Attorney, U.S. Department of Justice, argued the cause for appellees. With him on the brief were *Brian M. Boynton*, Principal Deputy Assistant Attorney General at the time the brief was filed, and *Charles W. Scarborough*, Attorney, U.S. Department of Justice.

Before: MILLETT and RAO, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

Opinion for the Court by *Senior Circuit Judge* ROGERS.

ROGERS, *Senior Circuit Judge*: This is an appeal from a judgment dismissing a class action complaint and denying a motion for class certification as moot. Appellant, on behalf of herself and a putative nationwide class, sued the Federal Bureau of Investigation ("FBI") alleging that its Notice of Seizure given to property owners failed to comply with the requirements of Due Process under the Fifth Amendment to the Constitution. The district court granted the FBI's motion to dismiss and denied the motion for class certification as moot. On appeal, Martin challenges the district court's rejection of the Due Process claim and requirement that this challenge must first be presented to the agency. For the following reasons, the appeal is dismissed for lack of jurisdiction.

## I.

The federal government may forfeit property traceable to certain criminal conduct pursuant to 18 U.S.C. § 981 (2016), and Department of Justice regulations, 28 C.F.R. §§ 8–9 (2012).

As relevant, the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C § 983, establishes the procedures for forfeitures by the FBI. Within 60 days of a seizure, the FBI must publish a notice of the seizure and send interested parties written notice describing the property, date and place of seizure, statutory authority, and where the interested party may file a claim or submit a petition for remission or mitigation. 18 U.S.C § 983(a)(1); 28 C.F.R. §§ 8.9(a)–(b), 9.3(a).

On March 17, 2021, the FBI obtained search warrants for anonymous safe deposit boxes owned and rented by U.S. Private Vaults in Beverly Hills, California. Compl. ¶¶ 4, 10, 16, 22 (Mar. 7, 2023). The warrant directed the FBI to "identify their owners in order to notify them so that they can claim their property." Compl. ¶ 26.

On June 10, 2021, the FBI sent Linda Martin a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings of $40,200 ("Notice of Seizure"). Compl. ¶¶ 4, 42. The Notice of Seizure identified the property seized from Box 1810, seizure date and location, legal authority for the seizure, and instructions on filing (1) a petition for remission requesting a pardon, within 30 days, (2) a claim contesting the forfeiture, by July 15, 2021, and (3) a request for release of property based on hardship. The Notice of Seizure stated on page 1 that "the government may consider granting petitions for remission or mitigation, which pardons all or part of the property from the forfeiture." On page 2, the Notice of Seizure further instructed:

> To contest the forfeiture of this property in United States District Court you must file a claim. If you do not file a claim, you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the

forfeiture of this asset in any other proceeding, criminal or civil.

On June 18, 2021, Martin filed a petition for remission with the FBI, stating that she was an "innocent owner," "did not know of the conduct giving rise to the forfeiture," and was not "aware of any activity" prompting it. Compl. ¶¶ 57–58. Thereafter she inquired about the status of her petition on multiple occasions. Compl. ¶ 66. By letter of July 6, 2022, the FBI instructed Martin to "provide documentation in support of the significant amount of cash you are requesting a pardon for," such as "evidence of legitimate employment, pay stubs, W-2 forms, tax returns, etc." Compl. ¶ 68; Ltr. Kristi K. Johnson, FBI Asst. Dir. (July 6, 2022). Martin did so, and on January 12, 2023, the FBI emailed Martin's attorney that the funds were "still pending forfeiture." Compl. ¶¶ 69–71; E-mail Jessie T. Murray, FBI Supvr. Spec. Agt., to Kenneth Brooks, Esq. (Jan. 12, 2023). On July 10, 2023, the seized funds, plus interest, were electronically transferred to Martin. Defs. Not. of Payment (July 26, 2023) ("Not. of Payment"). The FBI had determined on May 18, 2023, that the key produced by Martin corresponded to Box 1810, thereafter discontinued the forfeiture proceedings, and received from Martin on June 5, 2023, a required form relating to release of the funds. Decl. of FBI Supvr. Spec. Agt. Murray ¶¶ 11–12 (June 8, 2023) ("Murray Decl.").

Meanwhile, on March 7, 2023, two months prior to the return of her seized property, Martin filed a class action complaint against the FBI and its director for declaratory and injunctive relief on behalf of herself and a nationwide class. Count 1, the individual claim, alleged that the Notice of Seizure violated the Due Process Clause of the Fifth Amendment by failing to provide Martin with "specific legal or factual bases" for the seizure or forfeiture, thereby denying her the opportunity to offer "an effective and meaningful response to

defend her rights." Compl. ¶ 136. Martin sought an injunction of the forfeiture proceedings against her property until she received a corrected Notice of Seizure or, alternatively, the return of her property. Compl. ¶ 143. Count 2, the class claim, sought similar relief for a proposed class pursuant to Federal Rule of Civil Procedure 23(a) and (b), namely all persons who had received a Notice of Seizure within the past six years or would receive a notice in the future and whose property had not been returned or made subject to a judicial complaint for forfeiture. Compl. ¶¶ 94–120. Relief sought included certification of the case as a class action pursuant to Rule 23(b)(2), designation of Martin as class representative and her attorney as class counsel, and recovery of fees and costs. Compl. ¶¶ A–H. On April 26, 2023, Martin filed a motion for certification of a class pursuant to Rule 23(a) and (b)(2) and Local Rule 23.1(b) of the U.S. District Court for the District of Columbia.

The FBI filed a motion on June 8, 2023, to dismiss the entire case as moot. It argued Martin's individual claim was moot, FED. R. CIV. P. 12(b)(1); the putative class claims did not meet any exceptions to the general rule that class claims are dismissed when no named plaintiff retains a live claim; judicial relief was independently barred by Martin's failure to exhaust administrative remedies, FED. R. CIV. P. 12(b)(1); and the unexhausted Due Process challenge failed to state a viable claim, FED. R. CIV. P. 12(b)(6). For the same reasons, the FBI opposed the motion for class certification as moot. Martin filed an opposition to the motion to dismiss and a reply regarding class certification.

The district court dismissed the putative class action asserting a Due Process claim under the Fifth Amendment for failure to exhaust and failure to state a claim. Mem. Op. 1 (Apr. 5, 2024). The court ruled Martin's individual claim was moot because the FBI had discontinued the forfeiture proceedings

and returned her seized property. Mem. Op. 7. The court also acknowledged that where the named plaintiff's claim has become moot, the class claim "[n]ormally" would be moot because a class had not yet been certified. Mem. Op. 7 (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74–75 (2013)). But, as Martin urged, the court applied the "inherently transitory" exception to mootness allowing the district court to certify a class even after the named plaintiffs' claims have become moot, *see, e.g., Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975), stating "a motion for certification may 'relate back' to the filing of the complaint," Mem. Op. 7 (quoting *Genesis Healthcare Corp.*, 569 U.S. at 71 n.2). It rejected the FBI's position that the mootness exception was inapplicable to a procedural Due Process claim and found Martin had demonstrated at the pleading stage the two essential elements for application of the exception: the absence of evidence that forfeiture proceedings resulting in the return of property ordinarily last at least two years, and the likelihood class member claims would remain live throughout the proceedings. Mem. Op. 8–9 (citing *J.D. v. Azar*, 925 F.3d 1291, 1310 (D.C. Cir. 2019)).

The district court then ruled, as the FBI argued in its motion to dismiss, that an independent basis required dismissal of the putative class action, namely, Martin's conceded failure to exhaust her administrative remedies by challenging the constitutionality of the Notice of Seizure before the FBI. Mem. Op. 10 (citing *McKart v. United States*, 395 U.S. 185, 193 (1969); *Malladi Drugs & Pharms., Ltd. v. Tandy*, 552 F.3d 885, 887–89 (D.C. Cir. 2009)). The court found Martin had an adequate opportunity to present the Due Process challenge and viewed the suggestion of inability belied by her retaining of counsel by at least January 2023 while the administrative proceedings were pending. Mem. Op. 12 (citing *Sarit v. DEA*, 987 F.2d 10, 15 (1st Cir. 1993)). The court also rejected Martin's arguments that the constitutional nature of her claim

excused exhaustion and, alternatively, that equitable principles excused exhaustion. *Id.* at 12–15 (citing *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992)). The court further ruled Martin had failed to state a plausible Due Process claim in view of her opportunity to force the government to identify the basis for and show the seizure was lawful. Mem. Op. 16–18 (citing *City of West Covina v. Perkins*, 525 U.S. 234, 241 (1999)).

By separate order, the district court dismissed the class action complaint "as to all claims against all Defendants," and denied the motion for class certification as moot. ORDER (Apr. 5, 2025); FED. R. CIV. P. 58(b)(1)(C). Martin appeals the April 5, 2024, judgment.

**II.**

On appeal, Martin contends that the district court made two legal errors requiring reversal of the dismissal of the class action complaint and remand of the case for further proceedings. Martin maintains, first, that she plausibly alleged the FBI violated Due Process by relying on administrative forfeiture notices that did not state the crime supporting the forfeiture. Appellant's Br. 29. Second, Martin maintains that there were no remedies to exhaust during the 30 days that the Notice of Seizure allowed for response because filing a petition would result in the forfeiture of her property. *Id.* at 55–58. The FBI, in response, reprised its arguments in moving to dismiss the entire case and maintained the appeal should be dismissed for lack of jurisdiction because "no entity is before this Court with a live claim for relief against the government that might allow the Court to reach the merits of the due-process challenge." Appellees Br. 37–38. The court reviews the dismissal of a complaint *de novo*. *Ralls Corp. v. Comm. on Foreign Inv. in the U.S.*, 758 F.3d 296, 314 (D.C. Cir. 2014).

Because the jurisdictional issues are dispositive, the court begins and ends with the threshold issue of its jurisdiction to consider Martin's challenges to the district court dismissal of the class claim. Martin has not challenged the denial of the motion for class certification by presenting any argument of error in her appellate briefs. Because no class has been certified, this court lacks jurisdiction to review the district court merits rulings on Due Process and exhaustion. Absent a justiciable controversy before the court, the appeal must be dismissed for lack of jurisdiction.

"[T]he Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving 'the legal rights of litigants in actual controversies.'" *Genesis Healthcare Corp.*, 569 U.S. at 71 (internal citations omitted); *see* U.S. CONST. art. III, § 2. "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.*, 569 U.S. at 72 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). Exceptions exist to this doctrine, for example where the claim is "capable of repetition, yet evading review" or "the claim may arise again with respect to that plaintiff," *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 398 (1980), but Martin does not rely on them here.

**A.**

Martin's individual claim in Count 1 is moot. It is undisputed that, as the district court found, the FBI discontinued the forfeiture proceedings and that the seized property was returned to Martin on July 10, 2023, shortly after the class action complaint was filed. Mem. Op. 7; Murray Decl. ¶¶ 11–12; Not. of Payment. Count 1 of the complaint included this alternative remedy for Martin. Compl. ¶ 143.

Martin thus no longer has a "personal stake" in the litigation sufficient for Article III standing. *Genesis Healthcare Corp.*, 569 U.S. at 72; *see Alvarez v. Smith*, 558 U.S. 87, 92 (2009). Accordingly, the court affirms the district court's judgment dismissing Martin's individual claim for relief as moot.

**B.**

The class claim in Count 2 identifies only Martin as a class member, with the claims of unnamed class members presumably to be added once a class was certified pursuant to Federal Rule of Civil Procedure 23. *See Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 298 (D.C. Cir. 2020) (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 940 (9th Cir. 2001)). Class certification "here is logically antecedent to the existence of any Article III issues" regarding the putative class. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612 (1997) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 66–67 (1997)); *see Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999); *Molock*, 952 F.3d at 299; *cf. Fox v. Saginaw County, Michigan*, 67 F.4th 284, 296 (6th Cir. 2023); FED. R. CIV. P. 23 (advisory committee note on 2003 amendment to Rule 23(c)(1)(A), commenting "many valid reasons . . . may justify deferring the initial certification decision"). By the same token, it would seem, the district court's dismissal of the class claims on the merits before any class had been certified was entered without jurisdiction and hence advisory and without legal effect.

**C.**

Where the named plaintiff's claims have expired and class certification has been denied, much as occurred here, "[t]he proposed representative retains a 'personal stake' in obtaining class certification sufficient to assure that Art. III values are not undermined." *Geraghty*, 445 U.S. at 404. That stake, however,

"is *limited* to the appeal of the denial of the class certification motion." *Id.* (emphasis added). Applying *Geraghty*, the Supreme Court held in *Alvarez*, 558 U.S. at 92–93, that the case was moot because the plaintiffs' claims had become moot on appeal and no appeal was taken from the denial of the motion for class certification.

Martin individually no longer has a live interest in challenging the Notice of Seizure as violative of Due Process. *See supra* Part II.A. Even though Martin has Article III standing to appeal the district court denial of the motion for class certification, that standing is limited and distinct from Article III standing to appeal the district court dismissal of the putative class action pursuant to Rule 12(b)(1) and Rule 12(b)(6). "A named plaintiff whose claim expires may not continue to press the appeal on the merits until a class has been properly certified." *Geraghty*, 445 U.S. at 404. Contrary to Martin's position, her standing to appeal the denial of the motion for class certification does not bring before this court the dismissal of the class claim. Reply Br. 9 (citing FED. R. APP. P. 3(c)(4); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 623 (D.C. Cir. 2006)). Adopting that approach would be contrary to *Geraghty* and Article III of the Constitution.

Yet Martin's briefs on appeal challenge only the district court merits rulings in dismissing the class claim regarding Due Process and failure to exhaust administrative remedies. Appellant's Br. 29, 55; Reply Br. 10, 16. Martin no longer has a live interest in the class claim beyond challenging the denial of class certification motion as *Geraghty*, 445 U.S. at 404, allows. This court lacks jurisdiction to address the merits of those district court rulings because Martin's individual claim is moot and no class has been certified. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 336 (1980).

By deciding to challenge on appeal only the district court's merits rulings in dismissing the class action, Martin has waived all arguments related to class certification. *See United States v. Olano*, 507 U.S.725, 733 (1993).

First, Martin did not argue in her opening brief or reply brief that the district court made a sequencing error by ruling on the merits of the class claim prior to certifying a class pursuant to Rule 23. Neither did Martin argue in her briefs that the district court denial of the motion for class certification be vacated as erroneous. Although Martin noted an appeal of the district court judgment, which addressed both the dismissal of the complaint and the denial of the motion for certification, Martin sought reversal and remand only on the basis of error in the district court merits rulings in dismissing the putative class action in Count 2. Appellant's Br. 58; Reply Br. 30. Arguments not raised in the opening brief to support a claim of error are generally forfeited absent explanation. *Fox v. Gov't of D.C.*, 794 F.3d 25, 29 (D.C. Cir. 2015); *see Herron v. Fannie Mae*, 861 F.3d 160, 165 (D.C. Cir. 2017). Martin offers none.

Indeed, the denial of class certification was not identified as an issue or discussed on appeal until six days before oral argument when Martin advised, pursuant to Federal Rule of Appellate Procedure 28(j), in a "decision that recently came to our attention," the Court of Appeals for the Tenth Circuit, in "a similar order-of-operations issue," vacated the district court merits rulings for lack of jurisdiction and remanded the case for the district court to consider a pending motion for class certification. Ltr. Robert Frommer, Esq., to Clifton Cislak, Clerk of the Court (Mar. 4, 2025) (citing *Medina v. Allen*, No. 23-4057, 2024 WL 1006791 (10th Cir. Mar. 8, 2024). That unpublished opinion was decided before Martin filed her opening brief in this court on October 17, 2024. Unlike in *Medina*, 2024 WL 1006791, at *3, Martin did not "urge in [her] reply brief" that the district court merits rulings must be vacated

for lack of jurisdiction. Viewing counsel's letter as a request to vacate the district court judgment, it "comes too late." *Shatsky v. Palestine Liberation Org.*, 955 F.3d 1016, 1030 (D.C. Cir. 2020) (quoting *Worldwide Moving & Storage, Inc. v. District of Columbia*, 445 F.3d 422, 427 n.7 (D.C. Cir. 2006)). In *Shatsky*, the court held that an attempt to raise a new issue was forfeited, citing precedent that "[t]he 28(j) process should not be employed as a second opportunity to brief an issue not raised in the initial briefs." *Id.* (quoting *Williams v. Romarm, SA*, 756 F.3d 777, 787 (D.C. Cir. 2014)). Martin was on notice of the jurisdictional challenges since at least June 8, 2023, when the FBI filed a motion to dismiss the complaint.

Second, Martin's reference to class certification in footnote 14 of her opening brief does not cure the defect. The court "reviews judgments, not statements in opinions." *California v. Rooney*, 483 U.S. 307, 311 (1987) (internal citation and quotation marks omitted). Martin requested this court to "leave the trial court's ruling on mootness undisturbed." Appellant's Br. 26 n.14 (citing Mem. Op. 6–9). Read most favorably to her, Martin requests the district court's ruling on the inherently transitory exception to mootness remain in place upon reversal and remand so that the district court will "be free to revisit class certification." Reply Br. 9.

That request does not present this court with an argument of legal error, or even identify the district court denial of the motion for class certification as an issue on appeal, and all arguments relating to class certification are waived. *See* FED. R. APP. P. 28(a)(7)–(9); *Olano*, 507 U.S. at 733. Counsel regularly choose what issues to pursue on appeal, *cf. Jones v. Barnes*, 463 U.S. 745, 751–54 (1983), as Martin's counsel did here. No argument appears in Martin's briefs challenging the denial of the motion for class certification. Making a cursory argument in a footnote does not suffice to present an argument on appeal. *See Schneider v. Kissinger*, 412 F.3d 190, 200 n.1

(D.C. Cir. 2005); *Hutchins v. District of Columbia*, 188 F.3d 531, 539 n.3 (D.C. Cir. 1999). Nor does merely recounting the district court proceedings. *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1001 (D.C. Cir. 2008). Characterizing the omission in the briefs as a forfeiture instead of a waiver, *see Olano*, 507 U.S. at 733, would not cure the defect.

Third, contrary to Martin's position regarding the class claim made during oral argument, Oral Arg. 10:50–13:05 (Mar. 10, 2025), the court has not been presented with a justiciable issue whereby it can address whether the class claim plausibly states a Due Process objection upon which relief can be granted. The district court has not certified a class and Martin's individual claim is moot. *See Alvarez*, 558 U.S. at 92–93; *Geraghty*, 445 U.S. at 404. Martin does not suggest she has suffered the requisite Article III injury from the denial of class certification to allow her to challenge the merits of the dismissal of the class claim on behalf of the putative class. *See Lewis v. Becerra*, 111 F.4th 65, 70–72 (D.C. Cir. 2024) (quoting *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381, 392–93 (2024)).

So, having waived all arguments relating to class certification, to the extent Martin seeks review of her individual Due Process claim, Appellant's Br. 46–48, or on behalf of a non-certified class, *id*. at 45, no Article III jurisdiction exists for the court to review her moot individual claim or to resolve the merits of the class claim. And because of this waiver, relief by way of vacatur of the district court judgment pursuant to 28 U.S.C. § 2106[1] is unavailable as that statute is not designed to

---

[1] 28 U.S.C. § 2106 provides:

> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought

afford a party in Martin's position a second chance to appeal after forgoing a first chance. *See, e.g., Alvarez*, 558 U.S. at 94 (discussing the leading cases of *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950), and *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 21, 25 (1994)).

Accordingly, the court dismisses Martin's appeal of the class certification judgment for lack of jurisdiction. The district court's dismissal of Martin's individual claim as moot is affirmed.

---

before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.