**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-2051**

———————

HUNTINGTON INGALLS INCORPORATED,

Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD,

Respondent,

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS,

Intervenor.

------------------------------

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA,

Amicus Supporting Petitioner.

———————

**No. 14-2148**

———————

NATIONAL LABOR RELATIONS BOARD,

Petitioner,

v.

HUNTINGTON INGALLS INCORPORATED,

Respondent,

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS,

Intervenor.

---------------------------

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA,

Amicus Supporting Petitioner.

_____

Petition for Review and Cross Application for Enforcement of an Order of the National Labor Relations Board.  (05-CA-081306)

_____

**No. 14-2072**
_____

NATIONAL LABOR RELATIONS BOARD,

Petitioner,

v.

ENTERPRISE LEASING COMPANY SOUTHEAST, LLC,

Respondent.
_____

On Application for Enforcement of an Order of the National Labor Relations Board.  (11-CA-073779)

_____

Argued:  September 16, 2015          Decided:  November 23, 2015
_____

Before SHEDD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.
_____

Enforcement granted by unpublished per curiam opinion.

_____

**Nos. 14-2051/2148.** **ARGUED**: Gregory Branch Robertson, HUNTON & WILLIAMS LLP, Richmond, Virginia, for Petitioner/Cross-Respondent. Heather Stacy Beard, Robert James Englehart, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Respondent/Cross-Petitioner. **ON BRIEF**: Kurt G. Larkin, HUNTON & WILLIAMS LLP, Richmond, Virginia; Dean C. Berry, Assistant General Counsel, HUNTINGTON INGALLS INDUSTRIES, INC., Newport News, Virginia, for Petitioner/Cross-Respondent. Richard F. Griffin, Jr., General Counsel, Jennifer Abruzzo, Deputy General Counsel, John H. Ferguson, Associate General Counsel, Linda Dreeben, Deputy Associate General Counsel, David Seid, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Respondent/Cross-Petitioner. William H. Haller, Associate General Counsel, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, Upper Marlboro, Maryland, for Intervenor. Kate Comerford Todd, Steven P. Lehotsky, U.S. CHAMBER LITIGATION CENTER, Washington, D.C.; Noel J. Francisco, James M. Burnham, Sarah A. Hunger, JONES DAY, Washington, D.C., for Amicus Curiae.

**No. 14-2072.** **ARGUED:** Heather Stacy Beard, David A. Seid, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Petitioner. Dean John Sauer, JAMES OTIS LAW GROUP, LLC, St. Louis, Missouri; Daniel R. Begian, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., St. Louis, Missouri, for Respondent. **ON BRIEF:** Richard F. Griffin, Jr., General Counsel, Jennifer Abruzzo, Deputy General Counsel, John H. Ferguson, Associate General Counsel, Linda Dreeben, Deputy Associate General Counsel, Robert J. Englehart, Supervisory Attorney, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Petitioner. Michael Martinich-Sauter, CLARK & SAUER, LLC, St. Louis, Missouri, for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

These refusal-to-bargain cases are before us for the second time on appeal. In the first appeal, Enterprise Leasing Company Southeast, LLC (Enterprise) and Huntington Ingalls, Incorporated (Huntington) challenged orders of the National Labor Relations Board (the Board) requiring each company to bargain with the union, Local 391 of the International Brotherhood of Teamsters in the case of Enterprise and the International Association of Machinists and Aerospace Workers in the case of Huntington, following Board-conducted union elections. Because each case involved the constitutional question of whether the President's three January 2012 appointments to the Board ran afoul of the United States Constitution's Recess Appointments Clause, U.S. Const. art. II, § 2, cl. 3, thereby depriving the Board of a proper quorum, we first addressed whether each company violated the NLRA as a means of avoiding the constitutional question presented. NLRB v. Enterprise Leasing Co. Southeast, LLC, 722 F.3d 609, 613-14 (4th Cir. 2013), cert. denied, 134 S. Ct. 2902 (2014). On this nonconstitutional question, we agreed with the Board that both Enterprise and Huntington violated Sections 8(a)(1) and (a)(5) of the National Labor Relations Act (NLRA), 29 U.S.C. §§ 158(a)(1) and (5), by refusing to bargain with the unions, 722 F.3d at 616-20, 624-31. Because the nonconstitutional question was resolved in favor of the Board,

4

we addressed the constitutional question presented. On this question, we held that the President's three January 2012 appointments to the Board violated the Recess Appointment Clause, and, therefore, the Board lacked a proper quorum when it issued its decisions in 2012. Id. at 631-60. Because the Board lacked a proper quorum, we "vacated" the Board's decisions and denied enforcement of the Board's orders. Id. at 660.

Following our decision, the Board filed a petition for rehearing for the limited purpose of requesting that we modify our judgment to include language explicitly remanding the cases to the Board for further proceedings. In so requesting, the Board posited that such a request was actually unnecessary given that our decision "anticipat[es] the possibility of issuance of new Board orders." (Huntington J.A. 640). Nevertheless, the Board desired such language in our judgment to avoid "needless litigation." (Huntington J.A. 640). Summarily, this court denied the petition for rehearing. The Board then filed a petition for a writ of certiorari with the United States Supreme Court.

In NLRB v. Noel Canning, 134 S. Ct. 2550 (2014), the Supreme Court resolved the constitutional question addressed by this court in its prior panel opinion. There, the Court affirmed the D.C. Circuit's determination that the President's three January 2012 appointments to the Board were invalid. Id.

5

at 2578. In so affirming, however, the Court took issue with the D.C. Circuit's reasoning, opining that the Recess Appointments Clause applies to both inter-session recesses and "intra-session recess[es] of substantial length," id. at 2561, as well as to Board vacancies that occur prior to or during the recess, id. at 2567. According to the Court, because the President's three January 2012 appointments to the Board occurred during a three-day recess of the Senate, the recess was "too short a time to bring [the] recess within the scope of the Clause," and, therefore, the recess appointments were invalid. Id. at 2557. Following the Court's decision in Noel Canning, the Supreme Court denied the Board's petition for a writ of certiorari in this case. NLRB v. Enterprise Leasing Co. Southeast, LLC, 134 S. Ct. 2902 (2014).

On August 14, 2014, the Board's Executive Secretary notified both Enterprise and Huntington that because the "Board panel that previously decided" each case was "not properly constituted," the Board was going to consider each case "anew." (Enterprise J.A. 467; Huntington J.A. 1808). Both Enterprise and Huntington objected to the Board's consideration of their respective cases on the basis that, absent a remand from this court, the Board lacked jurisdiction.

On October 2, 2014, a properly constituted Board issued a decision in Enterprise's case, and a similarly constituted Board

issued a decision in Huntington's case on October 3, 2014. The Board rejected Enterprise's and Huntington's arguments that the Board lacked jurisdiction to issue its decisions. The Board reasoned that our prior decision clearly contemplated further Board action and that such further action was consistent with the Eighth Circuit's decision in NLRB v. Whitesell Corp., 638 F.3d 883, 889 (8th Cir. 2011) (holding that the denial of enforcement on the basis that the Board lacked a proper quorum did not deprive the Board of jurisdiction to consider the case anew). On the merits, the Board adopted the reasoning of its earlier decisions, further observing that neither Enterprise nor Huntington offered "any newly discovered" or "previously unavailable evidence" that would "require the Board to reexamine" its earlier decisions. (Enterprise J.A. 472; Huntington J.A. 1816). The Board's orders require Enterprise and Huntington to bargain with the unions upon request and embody any understanding in a signed agreement.

On October 6, 2014, Huntington filed a petition for review of the Board's order against it. On October 8, 2014, the Board filed an application for enforcement of its order against Enterprise, and, on October 24, 2014, the Board filed a cross-application for enforcement of its order against Huntington.

Relying on our decision in NLRB v. Lundy Packing Co., 81 F.3d 25 (4th Cir. 1996) (Lundy II), Enterprise and Huntington

7

first contend that the Board was without jurisdiction to consider the cases anew. We reject this argument for the simple reason that Lundy II is distinguishable from the case at hand.

In NLRB v. Lundy Packing Co., 68 F.3d 1577, 1579 (4th Cir. 1995) (Lundy I), we denied enforcement of the Board's bargaining unit determination for a production and maintenance unit at Lundy Packing's Clinton, North Carolina facility. Id. at 1579, 1583. The union election that followed the Board's bargaining unit determination resulted in a 318 to 309 win for the union. Id. at 1579. In denying enforcement of the Board's bargaining unit determination, we held that the Board abused its discretion when it excluded certain employees from the bargaining unit. Id. at 1580-83. In response to our decision, the Board sought to revisit the union election results by "counting the challenged ballots." Lundy II, 81 F.3d at 26. To prevent this, Lundy Packing sought a stay in our court. Id. We held that the Board was not at liberty to revisit the union election results, "[a]bsent a remand" from this court. Id. (citation and internal quotation marks omitted).

Enterprise and Huntington argue that per Lundy II the Board in this case was not at liberty to revisit their challenges to the union election results absent a remand from this court. We reject this argument for the simple reason that the court in Lundy I disposed of the case on the merits, while this court in

8

its prior panel opinion did not.

The approach adopted in <u>Lundy II</u> makes perfect sense where the Board seeks to revisit a merits determination made by this court. If the Board is permitted to do so, the products are the prevention of review by the Supreme Court and endless litigation. <u>Id.</u> Indeed, to have allowed the Board to continuously stab at our merits determination in <u>Lundy I</u> that the bargaining unit was underinclusive would have prevented Supreme Court review of our <u>Lundy I</u> decision and resulted in endless litigation. However, where the court denies enforcement on the basis that the Board lacked a proper quorum, as was the case here, <u>Lundy II</u>'s concerns of the prevention of Supreme Court review and endless litigation fall by the way side. No action by the Board is preventing Supreme Court review. In fact, our prior decision was brought to the Supreme Court for review, and the parties here are at liberty to seek such review from the decision we reach today. Likewise, the concerns of endless litigation are not present where the Board simply reconstitutes to obtain a proper quorum. Unlike <u>Lundy II</u>, the Board here is not looking to find a new factual or legal basis in which to justify its previous decisions. Rather, it revisited the cases with a proper quorum, and the factual and legal basis of its decisions have remained the same.

Moreover, the interpretation of <u>Lundy II</u> pressed by

Enterprise and Huntington has its own shortcomings. First, their interpretation makes little sense because it deprives the employees of Enterprise and Huntington who have chosen union representation through valid union elections from having Enterprise's and Huntington's challenges to the union elections resolved on the merits once and for all by this court. We see nothing in the NLRA that intimates the type of deprivation of review pressed by Enterprise and Huntington. Second, their interpretation creates a circuit split and places us at odds with the well-reasoned decision by the Eighth Circuit in Whitesell. That court understandably carved out a very narrow exception to the remand rule where the court disposes of the case on the basis that the Board issued a quorumless decision. A decision finding the lack of a proper quorum clearly contemplates further Board action, and, thus, the Board here did not err when it revisited Enterprise's and Huntington's challenges to the union elections.

Next, Enterprise and Huntington contend that the properly reconstituted Board erred when it rejected their respective challenges to the union elections. These contentions mirror the challenges previously raised to this court in the prior appeal, and we reject them for the reasons stated in our prior panel opinion. Enterprise Leasing, 722 F.3d at 616-20, 624-31. Huntington also contends that because the bargaining unit has

grown in size since the union election, we should refuse to enforce the Board's order against Huntington.  We have reviewed this contention and find it to be without merit.

Accordingly, for the reasons stated herein, we grant enforcement of the Board's orders.

<u>ENFORCEMENT GRANTED</u>

11