# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Submitted March 24, 2016          Decided May 17, 2016

No. 15-1029

NOEL CANNING, A DIVISION OF THE NOEL CORPORATION,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

———

Consolidated with 15-1046

———

On Petition for Review and Cross-Application
for Enforcement of an Order
of the National Labor Relations Board

———

*Gary E. Lofland* and *Mark David Watson* were on the briefs for petitioner.

*Richard F. Griffin*, *Jr.*, General Counsel, National Labor Relations Board, *John H. Ferguson*, Associate General Counsel, *Linda Dreeben*, Deputy Associate General Counsel,

*Elizabeth A. Heaney*, Supervisory Attorney, and *Heather S. Beard*, Attorney, were on the brief for respondent.

Before: ROGERS and PILLARD, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

SENTELLE, *Senior Circuit Judge*:  Noel Canning petitions for review of a decision and order of the National Labor Relations Board, which determined that the petitioner violated the National Labor Relations Act and ordered relief against petitioner.  Petitioner argues that our disposition vacating a prior order in the same dispute left no authority with the Board to enter this further decision and order.  The Board cross-petitions for enforcement.  Concluding that there is no merit in petitioner's claims, we deny the petition and grant the cross-petition for enforcement.

## BACKGROUND

This case comes to our Court for a second time.  In 2012, petitioner Noel Canning, a division of the Noel Corporation, petitioned this Court to review a decision and order of the National Labor Relations Board holding that Noel Canning had violated the National Labor Relations Act (NLRA) by failing to execute a collective bargaining agreement with its employees.  We vacated the Board's decision on the ground that three of the Board's five members had been improperly appointed under the Recess Appointments Clause.  *See Noel Canning v. NLRB* (*Noel Canning I*), 705 F.3d 490 (D.C. Cir. 2013).  On certiorari, the Supreme Court affirmed this Court's decision concluding that the appointments were invalid, albeit

on modified reasoning. *See NLRB v. Noel Canning* (*Noel Canning II*), 134 S. Ct. 2550 (2014).

On December 16, 2014, a panel of the now properly reconstituted Board issued a new decision and order essentially adopting the Board's 2012 decision and ordering Noel Canning, *inter alia*, not to refuse to bargain with the Teamsters Local 760 chosen by employees as their exclusive representative. *See Noel Canning*, 361 NLRB No. 129 (Dec. 16, 2014). On February 2, 2015, Noel Canning filed a petition for review of the Board's 2014 decision and order with this Court. One month later, the Board filed a cross-application for enforcement. Petitioner offers no challenge to the merits of the Board's latest ruling. Instead, it argues that the Board lacked jurisdiction to issue the 2014 decision and order because this Court's opinion in *Noel Canning I* only vacated—never remanded—the Board's 2012 decision and order. Three of our sister circuits have already rejected substantially identical challenges to other Board orders. *See Big Ridge, Inc. v. NLRB*, 808 F.3d 705 (7th Cir. 2015); *Huntington Ingalls Inc. v. NLRB*, 631 F. App'x 127 (4th Cir. 2015); *NLRB v. Whitesell Corp.*, 638 F.3d 883 (8th Cir. 2011). We do the same today. Because this Court's decision and mandate in *Noel Canning I* are best interpreted as allowing a properly reconstituted Board to reconsider the merits, we deny Noel Canning's petition for review. We grant the Board's cross-application for enforcement because the 2014 decision and order, like the 2012 decision and order, was supported by substantial evidence.

## DISCUSSION

Noel Canning argues that this case is controlled by 29 U.S.C. § 160(e), which states that "[u]pon the filing of the [Board] record with [the court of appeals] the jurisdiction of

the court shall be exclusive and its judgment and decree shall be final" except upon review by the Supreme Court. The statute also provides that a court may "make and enter a decree enforcing, modifying and enforcing as so modified, or setting aside in whole or in part the order of the Board." *Id.* Notably, § 160(e) makes no mention of remand or, more generally, when the Board may reassume jurisdiction after vacatur. A court's authority to remand comes instead from its "equity powers." *Ford Motor Co. v. NLRB*, 305 U.S. 364, 373 (1939). Therefore, this case is not about § 160(e) as Noel Canning would have it, but rather the interpretation of our mandate in *Noel Canning I*.

The question presented is whether our mandate in *Noel Canning I* permits a properly reconstituted Board to reconsider the merits of the case. Noel Canning argues that it does not. Judicial mandates, Noel Canning claims, must be read according to their "precise terms." *NLRB v. Donnelly Garment Co.*, 330 U.S. 219, 226 (1947). Since the *Noel Canning I* opinion and judgment stated only that Noel Canning's petition for review is granted, the Board's order is vacated, and the cross-application for enforcement is denied—with no mention of remand—Noel Canning contends it cannot be read as giving the Board, once properly constituted, authority to take up the case again. *See Noel Canning I*, 705 F.3d at 515; Judgment, *Noel Canning I*, No. 12-1115, Doc. No. 1417095 (D.C. Cir. Jan. 25, 2013).

Our sister circuits disagree. In *NLRB v. Whitesell Corporation*, 638 F.3d 883, 888 (8th Cir. 2011), the Eighth Circuit considered whether the Board had jurisdiction to reissue an order that had been vacated for lack of a quorum in light of *New Process Steel, L.P. v. NLRB*, 560 U.S. 674 (2010). Like this Court's judgment in *Noel Canning I*, the Eighth Circuit's order denying the Board's application for

enforcement did not remand the case. *See NLRB v. Whitesell Corp.*, 385 F. App'x 613, 614 (8th Cir. 2010) (unpublished per curiam). Nonetheless, when considering the authority of a properly constituted Board to reissue the order, the Eighth Circuit stated that it had "expected that the Board would visit the merits of th[e] case again" with a full complement of members. *Whitesell Corp.*, 638 F.3d at 889. Because the denial of enforcement had been based on the lack of quorum, not the merits, the Eighth Circuit held that its prior decision on the *New Process* issue did "not preclude the Board, now properly constituted, from considering [the merits] anew and issuing its first valid decision." *Id.* The Seventh and Fourth Circuits have reached the same conclusions in the wake of *Noel Canning II*. *See Big Ridge, Inc.*, 808 F.3d at 711 (holding that when it vacated a Board decision without remand because the Board lacked a proper quorum, it had "expected the Board to consider the case anew once it regained a quorum"); *Huntington Ingalls Inc.*, 631 F. App'x at 131 (holding that "[a] decision finding the lack of a proper quorum clearly contemplates further Board action").

Petitioner provides no convincing reason for us to interpret our *Noel Canning I* mandate differently than our sister circuits have interpreted theirs. Noel Canning points to several cases in which courts have rebuked the Board for reopening a matter in the absence of a remand—most notably, *Int'l Union of Mine, Mill & Smelter Workers v. Eagle-Picher Mining & Smelting Co.*, 325 U.S. 335 (1945); *George Banta Co. v. NLRB*, 686 F.2d 10 (D.C. Cir. 1982); and *NLRB v. Lundy Packing Co.*, 81 F.3d 25 (4th Cir. 1996)—but, as the Seventh Circuit observed when confronted with many of the same precedents, "all of these cases can be distinguished because they deal with appellate court rulings on the merits, whereas . . . the case at hand involve[s] denial[] of

enforcement due to lack of a quorum." *Big Ridge, Inc.*, 808 F.3d at 712. This is a distinction with a difference.

When a court affirms or rejects an agency's decision on the merits, parties to the litigation have important interests in the finality of that decision. *See Eagle-Picher*, 325 U.S. at 340 ("The party adverse to the administrative body is entitled to rely on the conclusiveness of a decree entered by a court to the same extent that other litigants may rely on judgments for or against them."). Those interests are absent when a court rules only that an administrative body never had a quorum to issue a decision in the first place. *See Huntington Ingalls, Inc.*, 631 F. App'x at 130-31. In fact, far from promoting finality, Noel Canning's interpretation of this Court's mandate in *Noel Canning I* actually "deprives the employees" and the company itself "from having [the case] resolved on the merits once and for all by this court." *Id.*

After the Supreme Court issued its ruling in *Noel Canning II*, this Court remanded more than a dozen pending cases to the Board, which by then had five validly appointed members, so that properly constituted panels could issue new rulings on the merits. *Cf. Nguyen v. United States*, 539 U.S. 69, 83 (2003) (finding remand to court of appeals "appropriate" after a case was decided by an improperly constituted panel). By contrast, when this Court decided *Noel Canning I*, we did not remand: indeed, "at that time, there was no properly constituted Board to which [this Court] could remand the proceedings." *Big Ridge, Inc.*, 808 F.3d at 711. Noel Canning's attempt to exploit these circumstances in order to prevent the Board from resolving its case contradicts the principle that a "mandate is to be interpreted reasonably and not in a manner to do injustice." *Bailey v. Henslee*, 309 F.2d 840, 844 (8th Cir. 1962) (internal quotation marks and citation omitted). Here, the Board's decision to reconsider the

merits of the case and issue a new decision and order was not only consistent with this Court's *Noel Canning I* mandate, but also reasonable and in furtherance of justice.

We offer one further thought with respect to Noel Canning's petition. We recently observed in a different context that "common sense sometimes matters in resolving legal disputes." *Southern New England Telephone Co. v. NLRB*, 793 F.3d 93, 94 (D.C. Cir. 2015). It is not totally consistent with common sense to suggest that when a petition has been filed with an administrative agency and that agency reached a decision but a court vacated the decision for reasons unrelated to the merits of the petition, the merits issues in the case must remain forever undecided. In other words, it seems to us highly unlikely that the law would establish that a question properly presented to the labor board must pend forever if the board for procedural or quorum-related reasons invalidly entered its first order.

Turning to the Board's cross-application for enforcement, we note that, in its opening brief, Noel Canning does not contest the Board's findings that it violated Section 8(a)(1) and (5) of the NLRA by refusing to reduce to writing and execute a collective bargaining agreement arrived at through collective bargaining with the Teamsters Local 760. Therefore, we may summarily enforce the 2014 decision and order. *See, e.g.*, *Allied Mech. Servs., Inc. v. NLRB*, 668 F.3d 758, 765 (D.C. Cir. 2012) (uncontested Board findings may be summarily enforced). *See also Fox v. Gov't of D.C.*, 794 F.3d 25, 29 (D.C. Cir. 2015) (argument not raised in an opening brief is forfeited). Moreover, in *Noel Canning I*, this Court concluded that the findings in the Board's 2012 decision and order, which were adopted by reference in its 2014 decision and order, were supported by substantial evidence. *See* 705 F.3d at 493-96. After reviewing the record

and the parties' briefing, we see no reason to depart from that conclusion here.

## CONCLUSION

For the foregoing reasons, we deny Noel Canning's petition for review and grant the Board's cross-application for enforcement.

*So ordered.*