**James COVINGTON and Alfreda Turnbow, Appellants,**

v.

**JPMORGAN CHASE & CO., as successor to Washington Mutual Bank and Deutsche Bank National Trust Company, Appellees.**

No. 14-7132

September Term, 2015

United States Court of Appeals, District of Columbia Circuit.

Filed On: August 5, 2016

James Covington, Washington, DC, Pro Se.

Alfreda Turnbow, Washington, DC, Pro Se.

Michael Bertrand Roberts, Reed Smith LLP, Washington, DC, for Appellees.

BEFORE: Rogers, Kavanaugh, and Srinivasan, Circuit Judges

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders denying appellants' discovery requests and granting summary judgment to appellees be affirmed. Appellants have not shown that the district court abused its discretion in denying their discovery requests. See Freedom Watch v. NSA, 783 F.3d 1340, 1345 (D.C. Cir. 2015). The district court correctly concluded that the loan modification agreement was invalid because it purported to modify a contract without the consent of all of the contracting parties. See Nyhus v. Travel Mgmt. Corp., 466 F.2d 440, 445 (D.C. Cir. 1972). As for appellees' right to enforce the note, under D.C. law, the holder of a note indorsed in blank is normally entitled to enforce the instrument. Chase Plaza Condominium Ass'n v. JPMorgan Chase Bank, N.A., 98 A.3d 166, 169–70 (D.C. 2014); see also D.C. Code § 28:3–301 (holder of an instrument is entitled to enforce it); § 28:3-205. Appellants have presented no evidence capable of rebutting the district court's conclusions that appellees own the mortgage loan and hold the note, nor have they shown that any of the related documents are fraudulent. Appellants' remaining arguments fail, either because they were not raised in the opening brief and are therefore forfeited, see Fox v. Gov't of the District of Columbia, 794 F.3d 25, 29 (D.C. Cir. 2015), because they were insufficiently developed and are therefore forfeit-

ed, see Schneider v. Kissinger, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005), or because appellants have proffered no evidence indicating that summary judgment was inappropriate, see Liberty Lobby, Inc. v. Dow Jones & Co., Inc., 838 F.2d 1287, 1292 (D.C. Cir. 1988).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.