**Martin SANCHEZ–ALANIZ, Appellant**

v.

**FEDERAL BUREAU OF PRISONS and United States of America, Appellees**

**No. 16-5140**
**September Term, 2016**

United States Court of Appeals,
District of Columbia Circuit.

Filed: 12/09/2016

Martin Sanchez–Alaniz, Warden (Hazelton), United States Penitentiary, Hazelton, Bruceton Mills, WV, for Plaintiff–Appellant.

Brian J. Field, Attorney, R. Craig Lawrence, U.S. Attorney's Office (USA), Appellate Division, Washington, DC, for Defendants–Appellees.

BEFORE: Tatel, Kavanaugh, and Millett, Circuit Judges

## ORDER

Per Curiam

Upon consideration of the motion for summary affirmance, the response thereto, the reply, and the surreply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). This court will not consider appellant's "pattern or practice" arguments or those pertaining to other Freedom of Information Act requests not before the district court in this case. See Huron v. Cobert, 809 F.3d 1274, 1279 (D.C. Cir. 2016) (citing District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1084 (D.C. Cir. 1984)). Further, because appellant no longer challenges the redacted releases in response to FOIA Request 2013-10877 or the adequacy of the search conducted in response to that request, he has forfeited those arguments. See Fox v. Gov't of Dist. of Columbia, 794 F.3d 25, 29 (D.C. Cir. 2015). Finally, in granting summary judgment, the district court properly rejected appellant's arguments regarding the agency's delay in responding to FOIA Request 2013-10877. See also Crooker v. U.S. State Department, 628 F.2d 9, 10 (D.C. Cir. 1980) (per curiam) ("Once the records are produced[,] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." (Citation omitted)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.