# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 19-7145**

**September Term, 2020**

FILED ON: FEBRUARY 23, 2021

KIM KEISTER,

          APPELLANT

v.

AARP BENEFITS COMMITTEE AND AETNA LIFE INSURANCE COMPANY,

          APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-02385)

---

Before: SRINIVASAN, *Chief Judge*, HENDERSON and WALKER, *Circuit Judges*

## J U D G M E N T

We heard this appeal on the record from the United States District Court for the District of Columbia and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); D.C. Cir. R. 34(j). We fully considered the issues and decided that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d).

We **AFFIRM** the district court's judgment.

\*     \*     \*

Kim Keister was a news and policy executive editor at AARP. After suffering a stroke in 2016, Mr. Keister went on medical leave and applied for disability benefits. He received short-term benefits but was denied long-term benefits.

Meanwhile, AARP underwent a reorganization and eliminated Keister's position. In exchange for a severance payment, he signed a separation agreement and general release. Keister agreed to release AARP, its affiliates, and its employee benefit programs from "any and all claims for damages … or other relief" for "any event or transaction that occurred prior to [ ] signing" the release. JA 41 ¶ 2. He then appealed the denial of long-term benefits. His appeal was denied.

Keister sued, alleging AARP and Aetna wrongfully denied him his benefits in violation

1

of the Employee Retirement Income Security Act (ERISA). But because Keister released his legal claims when he accepted his severance, the district court dismissed his claim. We affirm for the same reason.

\* \* \*

A release is a contract subject to the rules of contract interpretation. *Noonan v. Williams*, 686 A.2d 237, 241 (D.C. 1996); *see also* JA 42 ¶ 15.

The contract Keister signed is prominently labeled "CONFIDENTIAL SEPARATION AGREEMENT AND GENERAL RELEASE." JA 40. It uses broad language waiving "any and all claims for damages . . . or other relief" for "any event or transaction that occurred prior to [ ] signing" the release. *Id.* at 41 ¶ 2. That waiver included "any claims … based upon statute." *Id*. The release covers AARP, its affiliates, and its employee benefit programs, including the administrators and insurers of the programs.

Keister's contract warned that he could be "releasing claims that [he] may not know about." *Id*. It told him to consult a lawyer before signing the release. And it warned him that signing it had "IMPORTANT LEGAL CONSEQUENCES." *Id.* at 42. It's hard to imagine how the contract could be any clearer.

Although the contract includes "Release Exclusions," they apply only to "any pension rights or medical benefits." *Id*. at 41 ¶ 3. Disability benefits are not pension rights or medical benefits under the plain meaning of those terms.

True, the exclusion refers to "any other insurance plans." *Id*. But after a lengthy analysis, the district court concluded that "any other insurance plans" is not a standalone provision, and Keister fails to explain why we should not reach the same conclusion. *Keister v. AARP Benefits Committee*, 410 F. Supp. 3d 244, 254-55 (D.D.C. 2019). The only insurance claims excluded from release are those for "pension rights or medical benefits."[1] In fact, the release makes clear that it *does* cover insured benefit programs. *Compare* JA 41 ¶ 3 *with id.* ¶ 2.

\* \* \*

Keister argues the district court abused its discretion when it denied his Fed. R. Civ. P. 56(d) motion for additional discovery. We disagree. Because the district court correctly concluded the release was unambiguous, it acted within its discretion when it denied Keister's motion for additional discovery of extrinsic evidence regarding the contract terms. It also acted in its discretion when it found Keister did not "establish[ ] any non-speculative factual basis for the Court to authorize discovery or other proceedings to permit Keister to search for" evidence of fraudulent misrepresentation. *Keister*, 410 F. Supp. 3d at 261.

Keister forfeited the remainder of his arguments. To the extent this Circuit might require

---

[1] The provision reads: "The foregoing release shall not be deemed a waiver of any pension rights or medical benefits you may be entitled to pursuant to . . . any [ ] insurance plans." JA 41 ¶ 3.

ERISA waivers to be voluntary and knowing, Keister didn't brief this in the district court. *Huron v. Cobert*, 809 F.3d 1274, 1280 (D.C. Cir. 2016).[2]  He also didn't argue in the district court that Aetna cannot enforce the general release.  And Keister forfeited other arguments not made in his opening brief in this Court — including whether his claim fell within the "Release Exclusions" based on an argument that a claim for long-term disability benefits does not accrue until the appeal process ends. *See Fox v. Government of D.C.*, 794 F.3d 25, 29 (D.C. Cir. 2015); Appellant's Reply at 11-12.

\* \* \*

This disposition is unpublished.  *See* D.C. Cir. R. 36(d).  We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for rehearing or for rehearing en banc.  *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(b).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk

---

[2] "Our precedent is unclear" whether the "knowing-and-voluntary requirement" applies to ERISA waivers. *Russell v. Harman International Industries, Inc.*, 773 F.3d 253, 256 (D.C. Cir. 2014).  Because Keister forfeited this argument, we don't need to clarify this Circuit's standard.

3