**No. 21-5054**                    **September Term, 2021**

**1:19-cv-02765-DLF**

**Filed On:** February 25, 2022

Kevin P. Smith,

      Appellant

    v.

Federal Bureau of Investigation, Individually
and in their official capacities, et al.,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**   Wilkins, Rao, and Jackson, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and appellant's supplement.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the district court's September 9, 2020 order be affirmed.  Appellant did not raise any argument in his opening brief related to the grounds for the district court's dismissal.  Therefore, he has forfeited any such possible arguments.  See Fox v. Gov't of D.C., 794 F.3d 25, 30 (D.C. Cir. 2015).

Additionally, the district court correctly determined that venue was improper in the District of Columbia.  See 28 U.S.C. § 1402(b) (providing that a claim under the Federal Tort Claims Act "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred"); 28 U.S.C. § 1391(b) (except as otherwise provided, venue is proper in the district where any defendant resides if all defendants are residents of the state in which the district is located; where "a substantial part of the events or omissions giving rise to the claim occurred"; or where any defendant is subject to the court's personal jurisdiction, if there is no district in which an action may otherwise be brought).  Moreover, the district court did not abuse its discretion by dismissing the case for lack of venue, rather than transferring it to another district, on the ground that there were substantive defects in

appellant's claims with regard to exhaustion of administrative remedies and timeliness. See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983) (stating that dismissal of a case rather than transfer is appropriate where appellant's claims suffer from substantive defects).

　　　Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**